[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION OF DEFENDANT COLCHESTER FOODS, INC. TO SEVER CROSS-CLAIMS FOR TRIAL
The three above-captioned cases are municipal tax lien foreclosure cases filed by the Town of Franklin in 1990. Asserting that the reason they have failed to pay property taxes on multiple properties is their failure to receive anticipated funds from a third party, the defendants filed cross-claims against that third party. The cross claims involve convoluted transactions between the defendants and Colchester Foods, Inc., the third party defendant in the cross-claim.
These cases and several others between Dora Rytman, Julius Rytman, companies controlled by them and Colchester Foods, Inc. and members of the Kofkoff family were transferred to the complex litigation docket after they had been pending for many years.
The Town of Franklin has expressed at case management conferences the need to resolve tax issues pending for so long a period.
As part of its effort at management, this court scheduled for the first trial the case Dora Rytman v.Colchester Foods, Docket No. X01 CV 88 0159961S, in which escrowed funds were at issue. The defendants in the above-captioned suits represented that scheduling that case first would enable them to address the tax issues raised in the above-captioned cases. The court granted this request concerning the sequence of scheduling and scheduled the tax cases for trial between January 31, 2002, and December 2002, as the court's schedule permits.
The issues raised in the cross-claims substantially CT Page 15839 overlap with issues raised in another case, ConnecticutNational Bank v. Rytman, X01 CV 87 0159941S, which is scheduled to commence trial in December 2002.
The defendant has moved to sever the cross-claims to avoid the prospect of duplicative trials of the same issues, a real prospect since there is not a complete identity of parties in the cross-claims and the case scheduled for trial in December.
Dora and Julius Rytman oppose severance; the Town of Franklin, which apparently has no wish to participate in a long trial of issues between other parties, does not oppose the motion to sever. The Rytmans contend that other judges have consolidated these cases. This court finds in the many voluminous files no clear order consolidating the tax foreclosure cases with other cases, and certainly no prior judicial analysis of the wisdom of trying all of claims in all of these disparate cases in a consolidated trial. The Rytmans plainly consented to a separate trial of Rytman v. ColchesterFoods, Docket No. X01 CV 88 0159961S, which settled before trial was to commence on November 19, 2001. Efforts made to organize litigation before its ultimate extent is known should not doom efforts to conserve the resources of the court and of the parties when the litigation reaches trial-readiness.
This court finds that the interests of judicial economy and the avoidance of duplicative trials will be served by granting the motion and trying the cross-claims in separate proceedings, probably in conjunction with the issues in the case scheduled for trial in December 2002.
The motion to sever the cross-claims is granted.
 Beverly J. Hodgson Judge of the Superior Court